United States District Court
For the Northern District of California

1

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

MARVELLOUS A. GREENE,

          Plaintiff,

  v.

P. BEAN, et al.,

          Defendants.

_____/

No. C 10-05652 SBA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

9

## INTRODUCTION

10
11
12
13

     Plaintiff, a prisoner at Pelican Bay State Prison (PBSP), has filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging in a conclusory fashion (among other claims) that Defendants "retaliated against him for filing a grievance . . . ."  (Compl. at 1.)  As explained below, Plaintiff also raises other conclusory federal constitutional violations and state law tort claims.

14

     His motion for leave to proceed in forma pauperis has been granted.

15
16

     Venue is proper because the events giving rise to the claim are alleged to have occurred at PBSP, which is located in this judicial district.  See 28 U.S.C. § 1391(b).

17
18
19

     In his complaint, Plaintiff names the following PBSP prison officials as Defendants, including: P. Bean, P. Badura, W. Barlow, C. E. Wilber, M. Nimrod and "John Doe Sgt. on B-Yard."  (Id. at 3.)  He seeks injunctive relief and monetary damages.

20

## BACKGROUND

21
22
23
24
25
26

     Plaintiff claims that he is serving a 1996 sentence stemming from "pleading guilty and falsely confess[ing] to a rape that never took place."  (Id.)  He claims that "staff has written various C-File 128-G chronos and confidential reports on [him] and things [he] ha[s] said and been suspected of doing;" however, "[n]o charges have been brought against [him] save: 8-1-99 CONSECUTIVE FACTORS 9-17-2002 SAC 00F01538 that [he] ha[s] filed a new writ on telling the truth about it all in: No. 10F07168 ENDORSED Oct. 27, 2010."[1]  (Id. at 4.)

27

28

---

    [1]  The Court is unclear about what particular charges Plaintiff is referring to in this quote as he has not elaborated any further on these alleged charges.

United States District Court

For the Northern District of California

1    Plaintiff alleges that on August 31, 2010, he sent a 602 inmate appeal to Defendant Bean.  He

2    claims that the grievance "has never been answered" and "is now in default."  (Id. at 5.)

3    On October 18, 2010, Plaintiff was issued a CDC 115 by Defendant Barlow for "Disrespect

4    Without Potential for Violence" stemming from a letter he addressed to Defendant Badura.  (Id. at

5    25, Ex. C.)  Plaintiff claims that he has "been attacked by CDC Greenwall Vigalantees [sic] for over

6    13 years in various ways, and [he] was quickly told to shut up about that at the 115 RVR hearing on

7    11-22-10 with the Jonh [sic] Doe Sgt. defendant!"  (Id. at 5.)

8    In his claims for relief, Plaintiff states:

9         The actions of all defendants against the plaintiff under proxy that he is a sexually
          violent rapist out side of the fact that he did not rape Cindy as she stated in open
10        court, constituted deliberate indifference and further denied the plaintiff the due
          process of law in violation to the First, Eighth, and Fourteenth Amendments.

11   (Id. at 6.)  He also adds: "the actions of the defendants in not answering the grievance violated the

12   plaintiff's right to petition the Government for a redress of grievances.  Amendment 1 violation."

13   (Id. at 7.)

14                                        **DISCUSSION**

15   **I.    Standard of Review**

16        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

17   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

18   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

19   are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

20   relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings

21   must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

22        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

23   (1) that a right secured by the Constitution or laws of the United States was violated, and

24   (2) that the alleged violation was committed by a person acting under the color of state law.  West v.

25   Atkins, 487 U.S. 42, 48 (1988).

26        Liability may be imposed on an individual defendant under section 1983 if the plaintiff can

27   show that the defendant proximately caused the deprivation of a federally protected right.  See Leer

28   v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th

                                              2

Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  <u>Leer</u>, 844 F.2d at 633; <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995).  To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded.  <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693, 697 (1976).

**II.   <u>Legal Claims</u>**

    **A.   <u>Plaintiff's Conclusory Claims</u>**

Plaintiff's complaint consists of an eight handwritten pages with the aforementioned allegations from the background section as well as copies of his August 4, 2010 128-G Chrono, his August 6, 2010 602 appeal, his October 18, 2010 Rules Violation Report, and a document he entitles, "Article 8 Appeals [§] 3084.1."  It is unclear to the Court how many claims Plaintiff alleges in his complaint.  As mentioned above, Plaintiff alleges several violations (including retaliation, due process claims and state law tort claims, among others) and names numerous PBSP prison officials.

Plaintiff's claims fail at the outset because he does not demonstrate how each Defendant proximately caused a constitutional deprivation.  For a claim to be cognizable, a Plaintiff must "set forth specific facts as to each individual defendant's deprivation of protected rights."  <u>Leer</u>, 844 F.2d at 634.  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  <u>Id.</u> at 633; <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995).  But here, Plaintiff does not set forth what federal constitutional right or rights he claims was violated by each Defendant and how their conduct violated his rights.  Instead, Plaintiff makes conclusory allegations of retaliation, (compl. at 7), violations of the "First, Eighth, and Fourteenth Amendments," (<u>id.</u> at 6), as well as state tort claims, (<u>id.</u> at 2).  As such, the complaint does not state a cognizable claim against any of the Defendants.

Plaintiff must allege facts supporting his claim against each Defendant separately in his amended complaint showing his entitlement to relief from each Defendant.  Plaintiff should list the

constitutional right he has, describe what the Defendants did or failed to do, and describe how each Defendant's acts or omissions caused him injury. Plaintiff must be careful to allege facts showing the basis for liability for each individual Defendant. He should not refer to the defendants as a group, i.e., "Defendants;" rather, he should identify each involved Defendant by name and link each of them to a specific claim by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights.

Furthermore, the complaint does not meet the requirement of Federal Rule of Civil Procedure 8(a) that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a). It is generalized and lacking in detail that requiring Defendants to attempt to frame a response to it would be unfair.

As to Plaintiff's claims against Defendant Wilbur (the "B-Yard Captain") and Defendant Nimrod (the "Associate Warden at PBSP), Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).

As for Plaintiff's claim of retaliation, prisoners may not be retaliated against for exercising their right of access to the courts, Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995), which extends to established prison grievance procedures, Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). In order to maintain an action for retaliation, a prisoner must allege that (1) the type of activity he was engaged in was constitutionally protected, (2) the protected conduct was a substantial or motivating factor for the alleged retaliatory action, (3) the retaliatory action advanced no legitimate penological interest, and (4) the defendants' actions caused him some injury. Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is

4

not actionable unless there is an allegation of harm; the alleged harm may be a chilling effect on the exercise of First Amendment rights).   Plaintiff has not alleged facts sufficient to support each of these elements.  Plaintiff's conclusory allegations of wrongdoing are insufficient to state a cognizable claim for relief.  Plaintiff must allege that he engaged in constitutionally-protected conduct, that prison staff took adverse action against him in retaliation for the protected conduct, and that he suffered harm as a result of the retaliation.  He must identify the specific individuals responsible for the constitutional violation or violations.  Accordingly, Plaintiff's retaliation claim -- which is specifically named on the first page of his complaint -- is DISMISSED with leave to amend.

**B.      Claim Against Doe Defendant**

Plaintiff identifies Defendant "John Doe Sgt. on B-Yard" whose name he intends to learn through discovery.  The use of Doe defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against this Doe Defendant are DISMISSED from this action without prejudice.  Should Plaintiff learn this Defendant's identity through discovery, he may move to file an amended complaint to add him as a named defendant.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**III.     Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Exhaustion is mandatory and no longer left to the discretion of the district court.   Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  Id.

**United States District Court**
For the Northern District of California

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 2387.

An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he or she filed suit, even if the prisoner fully exhausts while the suit is pending. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002); <u>see</u> <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal without prejudice. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." <u>See</u> CAL. CODE REGS. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. <u>See id.</u> § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. <u>See id.</u> § 3084.5; <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). <u>See id.</u> at 1237-38.

Here, Plaintiff does not state if he presented any of the allegations as in the present case in a 602 inmate appeal. He also failed to specify whether he exhausted his available administrative remedies <u>before</u> he filed suit. Because Plaintiff did not attach a copy of a Director's level decision relating to his claims, the Court is unable to clarify if Plaintiff satisfied the administrative remedies exhaustion requirement by receiving the Director's level decision prior to filing his suit. Therefore, it appears from the face of the complaint that Plaintiff has not exhausted his administrative remedies as to any of the claims in his complaint. Accordingly, Plaintiff shall submit an amended complaint

United States District Court
For the Northern District of California

6

1   informing the Court whether he exhausted his administrative remedies with respect to the all the

2   claims in his complaint <u>before</u> he filed his suit.

3                                              **CONCLUSION**

4            For the foregoing reasons, the Court orders as follows:

5            1.       The claims against the Doe Defendant are DISMISSED WITHOUT PREJUDICE.

6            2.       Plaintiff's complaint is DISMISSED with leave to amend as set forth above.

7            3.       Within **thirty (30) days** from the date of this Order, Plaintiff may file an amended

8   complaint as set forth above.  He must also specifically inform the Court if he exhausted his

9   administrative remedies as to all claims.  Plaintiff must use the attached civil rights form, write the

10  case number for this action -- Case No. C 10-5652 SBA (PR) -- on the form, clearly label the

11  complaint "Amended Complaint," and complete all sections of the form.  Because an amended

12  complaint completely replaces the original complaint, Plaintiff must include in it all the claims he

13  wishes to present.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir.), <u>cert. denied</u>, 506 U.S.

14  915 (1992); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987); <u>London v. Coopers & Lybrand</u>, 644

15  F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the original complaint by

16  reference.  **Plaintiff's failure to file an amended complaint by the deadline will result in the**

17  **dismissal of this action without prejudice.**  If he has not already exhausted his remedies, he may

18  file another complaint in a new civil rights action after he has done so.

19           4.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

20  informed of any change of address and must comply with the Court's Orders in a timely fashion.

21  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal

22  Rule of Civil Procedure 41(b).

23           5.       The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy

24  of this Order.

25           IT IS SO ORDERED.

26  DATED:    10/26/11

                                                          SAUNDRA BROWN ARMSTRONG
27                                                        United States District Judge

28

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1

2

3  UNITED STATES DISTRICT COURT
   FOR THE
   NORTHERN DISTRICT OF CALIFORNIA

4

5  MARVELLOUS ASHAXYAH,
                                              Case Number: CV10-05652 SBA
6            Plaintiff,
                                              **CERTIFICATE OF SERVICE**
7      v.

8  P BEAN et al,

9            Defendant.
   _____/

10

11 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
   Court, Northern District of California.

12 That on October 27, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
13 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
14 located in the Clerk's office.

15

16 Marvellous Ashaxyah Greene K29392
17 Pelican Bay State Prison
   P.O. Box 7500
18 Crescent City,

19 Dated: October 27, 2011

20                                    Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\CR.10\Greene5652.DWLA-exh&linkDEFS.wpd        8