IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARVELLOUS A. GREENE,

    Plaintiff,

v.

P. BEAN, et al.,

    Defendants.

No. C 10-05652 SBA (PR)

**ORDER OF DISMISSAL**

    Plaintiff Marvellous A. Greene, a state prisoner, filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations. He has been granted leave to proceed in forma pauperis.

    The Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a). Plaintiff asserted that he was subjected to violations of his constitutional rights at Pelican Bay State Prison, including retaliation, due process claims and state law tort claims, among others. He named numerous PBSP prison officials.

    In its Order dated October 26, 2011, the Court found that Plaintiff did not set forth what particular federal constitutional right was violated by each Defendant and how their conduct violated his rights. The Court stated: "Instead, Plaintiff makes conclusory allegations of retaliation, (compl. at 7), violations of the "First, Eighth, and Fourteenth Amendments," (id. at 6), as well as state tort claims, (id. at 2). As such, the complaint does not state a cognizable claim against any of the Defendants." (Oct. 26, 2011 Order at 3.) The Court also found that Plaintiff failed to allege specifically how each named defendant actually and proximately caused the deprivation of a federally protected right. (Id. at 3-4 (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).) Plaintiff named Defendant Wilbur (the "B-Yard Captain") and Defendant Nimrod (the "Associate Warden at PBSP"); however, these Defendants were not linked specifically to the allegations in the body of the complaint. Plaintiff was warned that there was "no liability under the theory that one is responsible for the actions or omissions of an employee" and that "[l]iability under Section 1983 arises only upon a showing of personal participation by the defendant." (Id. at 4 (quoting Taylor v.

1  List, 880 F.2d 1040, 1045 (9th Cir. 1989).)  Plaintiff also named "John Doe Sgt. on B-Yard" as a
2  Doe Defendant, but the Court dismissed Plaintiff's claims against any Doe Defendant without
3  prejudice to moving to file an amended complaint should he learn their identities.  The Court further
4  noted that Plaintiff's claims appeared to be unexhausted and subject to dismissal because he "[did]
5  not state if he presented any of the allegations as in the present case in a 602 inmate appeal."  (Id. at
6  6.)  Therefore, the Court dismissed the complaint with leave to amend to cure these pleading
7  deficiencies.  In amending, Plaintiff was directed to: specifically allege what federal constitutional
8  right or rights were violated as well as how each named defendant actually and proximately caused
9  the deprivation of a federally protected right; and allege facts which show that he exhausted all
10 available administrative remedies with respect to these claims before he filed this lawsuit.  The
11 Court granted Plaintiff thirty days to file an amended complaint to cure the pleading deficiencies, or
12 to suffer dismissal of the action.

13    Plaintiff subsequently filed an amended complaint.  First, the Court notes that Plaintiff no
14 longer names specific defendants and instead lists "CDC et al." as Defendants in this action.
15 Plaintiff also again claims in a conclusory fashion that "[a]ll defendants are derelic [sic] of duties;
16 failed to execute due diligence that is part of their health care responsibilities," and that "they
17 caused, created more harm in molestation to the hypocraties [sic] oath not to cause harm."  (Am.
18 Compl. at 3.)  Therefore, the Court finds that Plaintiff has failed to specifically allege what
19 constitutional rights were violated and has failed to name the individually responsible defendants or
20 to link them specifically to his claims.  Furthermore, while Plaintiff states that he "appealed to the
21 highest level of appeal available," he has failed to explain how he exhausted his administrative
22 remedies with respect to any alleged claims before he filed suit.  He states that his appeals were
23 "rejected, cancelled, denied" (id. at 2); however, he has not listed any log numbers for any of the
24 appeals he allegedly filed.

25    The Court has reviewed Plaintiff's amended complaint and finds that it does not cure the
26 pleading deficiencies identified in the Court's Order dismissing the original complaint with leave to
27 amend.  Therefore, Plaintiff's claims are DISMISSED without prejudice for failure to state a claim
28 upon which relief may be granted.

1    Accordingly, this action is DISMISSED without prejudice. The Court has rendered its final
2 decision on this matter; therefore, this Order TERMINATES Plaintiff's case. The Clerk of the Court
3 shall terminate all pending motions and close the file.
4    IT IS SO ORDERED.
5 DATED:  2/1/12

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MARVELLOUS ASHAXYAH,

        Plaintiff,

  v.

P BEAN et al,

        Defendant.

Case Number: CV10-05652 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 1, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marvellous Ashaxyah Greene K29392
Corcoran State Prison
P.O. Box 3481
Corcoran, CA 93212

Dated: February 1, 2012

                Richard W. Wieking, Clerk
                By: LISA R CLARK, Deputy Clerk