UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS ASHAXYAH GREENE,<br><br>    Plaintiff,<br><br> v.<br><br>P. BEAN, et al.,<br><br>    Defendants. | No. C 10-5652 SBA (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

    The Court previously dismissed this action without prejudice on February 1, 2012. (Docket No. 12). On February 15, 2012, Plaintiff filed a motion to aside the judgment, (Docket No. 15), which the Court liberally construes as a motion for reconsideration. Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. "Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 779 (9th Cir. 2009) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)). Here, Plaintiff's request contains no showing of newly-discovered evidence, or that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law.

    Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse

G:\PRO-SE\SBA\CR.10\Greene652.recon.md

party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Here, Plaintiff's motion contains no showing of newly-discovered evidence, nor

does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; Plaintiff offers no other reason justifying relief.

Based on the foregoing, the motion for reconsideration is hereby DENIED. The Clerk shall terminate Docket No. 15.

IT IS SO ORDERED.

DATED: 9/28/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS ASHAXYAH, | Case Number: CV10-05652 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| P BEAN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 10, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marvellous Ashaxyah Greene K29392
Corcoran State Prison
P.O. Box 3481
Corcoran, CA 93212

Dated: October 10, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Greene652.recon.md     3